# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JESUS ALFREDO RAMIREZ,<br><br>        Defendant. | CASE NO. 18cr4217-LAB-1<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br>**[Dkt. 261]** |
|---|---|

On June 12, 2020, a jury convicted Jesus Alfredo Ramirez of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. That offense carried a mandatory minimum sentence of 10 years. Accounting for Ramirez's possession of a firearm, credible threats of violence, importation of methamphetamine, use of a minor, and role in the offense, the guidelines recommended a life sentence, while the government recommended 360 months imprisonment. The Court imposed a total custodial sentence of 240 months, followed by supervised release for life.

Ramirez suffers from diabetes, which may heighten his risk of serious complications from COVID-19. He asks the Court to release him to home confinement until "the threat of contracting the virus in prison has subsided," at which time he would return to custody. Although Ramirez properly exhausted

his administrative remedies and narrowly tailored his request to match his concerns, his leadership role in a drug distribution conspiracy, his threats of violence, and his involvement of his minor child in drug distribution compel the conclusion that his release would endanger the public. The Motion is **DENIED**.[1]

Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term of imprisonment for "extraordinary and compelling reasons." The defendant must first petition the BOP to file the motion on his behalf, but if the BOP takes no action within 30 days of the petition, the defendant may file the motion himself. The Court has discretion to modify the defendant's term of imprisonment after reconsidering the factors set forth in 18 U.S.C. § 3553(a).

Ramirez exhausted his administrative remedies. More than 30 days before filing his Motion, he submitted an Inmate Request to Staff seeking home confinement and enumerating his health concerns. Mot. Appendix, Dkt. 261-1 at 5. The document appears to have been signed by a Bureau of Prisons staff member the next day. *Id.* But the Government disregards the Inmate Request entirely. Instead, it references an unnamed Bureau of Prisons official's denial that Ramirez submitted any such request. Between Government counsel's unsubstantiated argument and Ramirez's documentary evidence, the Court credits the latter. Ramirez fulfilled his administrative exhaustion obligation by requesting home confinement and waiting 30 days for the warden to take action. Dkt. 264-1; 18 U.S.C. § 3582(c)(1)(A).

---

[1] The Court can deny a motion in this case even through the pending appeal divests the Court of jurisdiction over it. *See* Fed. R. Crim. P. 37 (permitting deferral, denial, or indicative ruling on "timely motion . . . for relief that the court lacks authority to grant because of a[ pending] appeal"); *see also Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017) (interpreting Fed. R. Civ. P. 62.1 to permit indicative ruling without party's explicit request), citing *U.S. v. Maldonado-Rios*, 790 F.3d 62, 64-65 (1st Cir. 2015) (adopting same rule in criminal context).

On the merits, though, the Court finds the § 3553(a) factors continue to support the imposition of Ramirez's original sentence. His offense—conspiracy to distribute methamphetamine—is unquestionably serious. Dkt. 228. And both the offense and his actions in support of it reveal the danger he poses to the public. He was a leader in a conspiracy to distribute several kilograms of methamphetamine (over 51,000 kilograms in converted drug weight), he possessed firearms while threatening violence to achieve the conspiracy's goals, and he involved his minor son in the distribution scheme. *See id.* A two-year stretch of good behavior in prison isn't enough to demonstrate that he's turned over a new leaf or that he can be safely confined with family members without again trying to involve them in criminal activity. Upon reevaluation, the § 3553(a) factors support Ramirez's continued confinement—especially the need to protect the public from further crimes.

Ramirez hasn't demonstrated reasons "extraordinary and compelling" enough to warrant releasing him to home confinement, even for a limited period. The Court accepts that Ramirez's health concerns are serious and genuine, but those concerns can't overcome the recent and substantial danger he posed to the public before he was taken into custody. The Motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 8, 2020

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge