AO 247 (Rev. 11/11:CASD 05/15)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                                  Page 1 of 1

# UNITED STATES DISTRICT COURT
for the

Southern District of California

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No:  18-cr-4217-JO |
| Jesus Alfredo Ramirez (1) | ) |
| | ) USM No: 72286-298 |
| Date of Original Judgment: 11/18/2019 | ) |
| Date of Previous Amended Judgment: | ) Victor N. Pippins |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

**ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Upon the Defendant's motion under 18 U.S.C § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, **IT IS ORDERED** that the motion is **DENIED**.

Defendant requests a sentence reduction under 18 U.S.C § 3582(c)(2) arguing that he was entitled to be sentenced as a zero-point offender. The Court rejects the argument that Defendant is entitled to a two-level reduction based on a zero-point offender adjustment because the sentencing court found that Defendant (1) played an "aggravated role" in the offense; (2) possessed a firearm in connection with the offense; and (3) made credible threats of violence in connection with the offense. Sentencing Transcript, Dkt. 260 at 33; *United States v. Ramirez*, No. 19-50360, 2021 WL 3615379, at *2 (9th Cir. Aug. 16, 2021) (affirming district court's imposition of aggravated role adjustment); *see United States v. Cervantes*, 109 F.4th 944, 946 (7th Cir. 2024) (aggravating role adjustment disqualifies a defendant from sentencing reduction under Amendment 821); *see also United States v. Florez*, No. 1:19-CR-00171 JLT SKO, 2024 WL 4534110, at *2 (E.D. Cal. Oct. 21, 2024) (USSG § 4C1.1(a)(7) provides that possession of a firearm in connection with offense disqualifies a defendant from relief under 18 U.S.C. § 3582(c)(2).); *see also United States v. Ibarra*, No. CR16-0287JLR, 2024 WL 2252211, at *2 (W.D. Wash. May 17, 2024) (denying a defendant's § 3582(c)(2) motion because, among other reasons, "he was assessed a two-level upward adjustment for making a credible threat" in connection with the offense at the time of sentencing).

To the extent that Petitioner seeks relief under 28 U.S.C. § 2255, the Court finds that his request is barred because it is a second or successive petition precluded by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioners must first obtain authorization from a court of appeals to file a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by [28 U.S.C. § 2255(h)] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). A § 2255 motion is "second or successive" if the facts underlying the subsequent claim occurred by the time of Petitioner's initial § 2255 petition. *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). Here, Petitioner's *Brady v. Maryland*, 373 U.S. 83 (1963), and ineffective assistance of counsel claims center around the Government's alleged failure to disclose a chemical analysis report about the purity levels of methamphetamine that Petitioner conspired to distribute, Dkt. 420 at 25–38, and therefore necessarily challenge a factual situation that already existed when he filed his first § 2255 motion. *Muniz*, 889 F.3d at 668 ("*Brady* claims are subject to AEDPA's second or successive gatekeeping requirements because the factual predicate supporting a *Brady* claim existed at the time of the first habeas petition.") (internal citations and quotations omitted). The Court previously denied Petitioner's first § 2255 motion on August 8, 2024, Dkt. 419, and he has not obtained authorization from the Ninth Circuit. Therefore, this request for § 2255 relief is a second and successive petition, and the Court lacks jurisdiction to consider it. *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) (If an applicant "does not first obtain [the Ninth Circuit's] authorization, the district court lacks jurisdiction to consider the second or successive application.") (internal citations omitted). The Court therefore DENIES Petitioner's motion to the extent that it seeks § 2255 relief. [Dkt. 420]. **IT IS SO ORDERED.**

Order Date:  April 16, 2025

Honorable Jinsook Ohta
United States District Judge